Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.FightForUrRights.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
Junelys Rosado, *individually and on behalf of others similarly situated*

                        *Plaintiff,*

Tierra y Mar Restaurant Inc. (DBA Tierra y Mar Restaurant) and Yoselin Cruz. (Individually)

                        *Defendants.*
------------------------------------------------------------------X

**COMPLAINT**

**ECF Case**

Plaintiff Junelys Rosado brings Complaint on behalf of herself similarly situated co-workers against Tierra y Mar Restaurant Inc. .(d/b/a Tierra y Mar Restaurant ), (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

## **NATURE OF ACTION**

1.  This Class and Collective Action Complaint seeks to minimum wage compensation, for Plaintiff and similarly situated co-workers who have been employed (and are currently employed) as waitresses for Tierra y Mar Restaurant for some or all the time period

relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2. Plaintiff is a former employee of Defendants who was ostensibly employed as a waitress.

3. Defendants ostensibly employed Plaintiff as a waitress. However, Defendants availed themselves of the tip credit while only paying Plaintiff $65 for an (8) eight-hour day. When the tip credit in New York City was $5 with a direct wage of $10.

4. As described herein, Individual Defendant Yoselin Cruz, ("Individual Defendant") employed Plaintiff for the purposes of the instant claims.

5. Tierra y Mar Restaurant Inc (d/b/a Tierra y Mar Restaurant) is a company with a principal place of business in Manhattan.

6. Defendant Cruz operates and controls Defendant Corporation and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

7. At all relevant times, Plaintiff regularly works for Defendants without receiving minimum wage compensation for the hours that she worked.

8. Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must pay at least $10 per hour. Here, Defendant only paid $65 for an (8) hour day or $8.21 cents per hour. At times, Plaintiff did not make enough in tips to make the minimum wage of $15.00.

9. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

10. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

11. Plaintiff now brings this Class and Collective Action on behalf of herself and other similarly situated individuals, for federal and state claims relating to minimum wages, failure to maintain records, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

12. In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees, and costs.

13. Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 USC § 1367.

15. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiff reside in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

18. Plaintiff bring her FLSA claims on behalf of herself, and all similarly situated persons who work or have worked for Defendants on or after January 7, 2016 who elect to opt-in to this action (the "FLSA Collective").

19. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

20. As part of her regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice include, but is not limited to:

   a. Willfully failing to pay minimum wage and improperly availing themselves of the tip credit.

   b. Willfully failing to keep records that satisfy statutory requirements.

21. At all relevant times, Plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required wages, and willfully failing to keep records required by the FLSA.

22. The claims of Plaintiff stated herein are similar to those of the other employees and Plaintiff and the FLSA Collective all perform or performed the same primary duties.

23. Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiff and the FLSA Collective minimum wage.

24. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings certain NYLL claims pursuant to FRCP 23 on behalf of all of the Defendants' employees who work or have worked for Defendants from January 7, 2016 and the date of final judgment in this matter ("the Class").

26. Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

27. On information and belief, the size of the Class is roughly 100 individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

28. Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a. Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

   b. Whether Defendants failed to compensate the Class for hours worked and improperly paid under minimum wage laws.

c. Whether Defendants misclassified Plaintiff and members of the Class as exempt;

d. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the NYLL;

e. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

f. The nature and extent of class-wide injury and the measure of damages for those injuries.

29. Plaintiff's claims are typical of the Class's claims that she seeks to represent. Defendants employed Plaintiff and the Class in New York State. Plaintiff and the Class enjoy the same NYLL rights to receive minimum wage; to have legally sufficient record-keeping. Plaintiff and the Class have all sustained similar type of damages because of Defendants' non-compliance with the NYLL. Plaintiff and the Class have all been injured by virtue of Defendants under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

30. Plaintiff will fairly and adequately represent and protect the interests of the Class's members. Plaintiffs understand that as class representatives she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, she must represent and consider the interests of the class just as she would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own

interests over the Class's interests. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Class. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Class.

31. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

32. This action is properly maintainable as a class action under FRCP 23(b)(3).

## PARTIES

*Plaintiff Junelys Rosado*

33. Plaintiff Junelys Rosado, ("Plaintiff Rosado") is an adult individual residing in Bronx, New York. Plaintiff Rosado was employed by Defendants from on or about July 2020

until December 2022. At all relevant times to this complaint, Plaintiff Rosado was employed by Defendants to wait tables.

34. Plaintiff consents to be a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class

*Defendants*

35. Individual Defendant has owned, operated, and controlled Tierra y Mar Restaurant Corp. at all times relevant to this complaint.

36. On information and belief, Tierra y Mar Restaurant Corp. is a corporation organized and existing under the laws of the State of New York with a principal place of business in New York, New York.

37. Upon information and belief Tierra y Mar Restaurant Corp, Individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

38. On information and belief, the operations of Tierra y Mar Restaurant Inc Individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on food and produce that has been transported across state lines.

39. Defendant Yoselin Cruz is an individual who has been the de facto and de jure owner, officer, and/or agent of Defendant Corporation during the relevant time period, and she is sued individually. Defendant Yoselin Cruz. has possessed and exercised operational control over Defendant Corporations, for example, she has at times relevant to this litigation determined the

wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. Yoselin Cruz has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

40. Defendants operate a restaurant company where Plaintiff works. At all relevant times, Individual Defendant Yoselin Cruz. possessor possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

41. Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

42. At relevant times, each Corporate Defendant possessed substantial control over Plaintiff' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

43. Corporate Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

44. At all relevant times, Individual Defendant were Plaintiff' employers within the meaning of the FLSA, NYLL and other law.

45.     Individual Defendant had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff' services.

46.     Individual Defendant supervised Plaintiff' work schedules and conditions of her employment.

47.     Individual Defendant also determined the rate and method of payment for Plaintiff and other similarly situated employees.

48.     Individual Defendant also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Junelys Rosado*

49.     Plaintiff is an employee of Defendants, primarily employed in performing the duties of waiter at Defendant's Restaurant.

50.     Mr. Rosado was employed from about February 2020 until December 2021. She worked daily except Monday and Tuesday. She worked for (8) eight hours per day, with no break for lunch or rest of any kind

51.     Plaintiff did not work at her own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at her pleasure, but rather was controlled by Defendant.

52.     Plaintiff worked (5) days per week, (12) twelve hours per day. On average, she worked on or about (60) sixty hours per week. She was paid $12 dollars per hour by Defendants with minimum wage paid at straight time.

53. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff's employment for Defendants was physical labor. Plaintiff did not receive salary and their primary duties

54. Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

55. Plaintiff has been employed by Defendants from 2020.

56. Plaintiff Rosado regularly handled goods in interstate commerce, such as tools and appliances themselves that were necessary to perform her work and that were produced outside of the State of New York.

57. Plaintiff Rosado's work duties required neither discretion nor independent judgment.

58. Plaintiff Rosado worked on or about (40) hours per week with no break.

59. Plaintiff Rosado was paid $65 per day

60. Defendants did not provide Plaintiff Rosado with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

61. Defendants never provided Plaintiff Rosado with a written notice, in English and in Spanish (Plaintiff Rosado's primary language), of her rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Defendants' General Employment Practices*

62. Defendants regularly required Plaintiff to work for less than the minimum wage required NYLL.

63. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work without paying them appropriate minimum wage compensation or spread of hours compensation, as required by federal and state laws.

64. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

65. The wage withholding constitutes a stand-alone violation of the FLSA and the NYLL prohibition against unlawful deductions. See, e.g., 29 C.F.R. § 531.35, N.Y. Lab. Law § 193.

66. Defendants failed to post required wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff' relative lack of sophistication in wage and hour laws.

67. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for (1) their full hours worked, (2) for minimum wage due, and (3) for spread of hours pay.

68. Defendants did not provide Plaintiff, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

69. Defendants failed to provide Plaintiff and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the minimum wage rate or rates of pay; the number of regular hours worked, and the number of minimum wage hours worked, as required by NYLL §195(3).

70. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

**FIRST CAUSE OF ACTION**
**(Violation of FLSA Minimum wage / Recordkeeping Provisions)**

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Class members) minimum wage compensation in violation of 29 U.S.C. § 207 (a)(1).

76. Defendants' failure to pay Plaintiff (and the FLSA Class members) minimum wage compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Defendants took unlawful deductions from Plaintiff' earned wages and the FLSA Collective's earned wages.

78. Defendants, in violation f the FLSA, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

79. Defendants failed to satisfy the FLSA's recordkeeping requirements.

80. Defendants acted willfully in their violations of the FLSA's requirements.

81. Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of the Minimum wage / /Wage Statement Provisions of NYLL)**

82. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

83. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

84. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff minimum wage compensation, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

85. Defendants' failure to pay Plaintiff (and the Class members) minimum wage compensation was willful within the meaning of N.Y. Lab. Law § 663.

86. Defendants, in violation of the NYLL, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

87. Plaintiff (and the Class Members) were damaged in an amount to be determined at trial.

88. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to pay Plaintiff (and the Class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

90. Defendants' failure to pay Plaintiff (and the Class) an additional hour's pay for each day Plaintiff' (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

91. Plaintiff (and the Class members) was damaged in an amount to be determined at trial.

92. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff' primary language), of her rate of pay, regular pay day, and such other information as require by NYLL §195(1).

94. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorney's fees.

95. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

96. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

97. Defendants acted willfully in her violation of the above-described NYLL requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and her right to join, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c) Designating Plaintiff as Class Representatives, reasonable service awards for each Plaintiff, and her counsel of record as Class Counsel;

(d) Declaring that Defendants have violated the minimum wage wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(e) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(g) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum wage wages, and damages for any improper deductions or credits taken against

wages under the FLSA as applicable;

(h) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i) Declaring that Defendants have violated the minimum wage wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the Class;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA Class members compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA Class members;

(m) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum wage wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff damages for Defendant's violation of the NYLL frequency of payment violation of Labor Law § 191(1)(a) which requires weekly payment of manual workers.

(p) Awarding Plaintiff and the FLSA class members liquidated damages in an amount

equal to one hundred percent (100%) of the total amount of spread of hours pay and minimum wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

 (q) Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

 (r) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

 (s) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 7, 2022

        LINA STILLMAN, ESQ.

         /s/ *Lina Stillman*
       By: STILLMAN LEGAL, P.C.
         42 Broadway, 12th Floor
         New York, NY 10004
         212-203-2417
         212-203-6010